IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SADIE PASCHAL,** *et al.*                                                                         **PLAINTIFFS**

**v.**                                      **4:12-cv-00184-BRW**

**CHILD DEVELOPMENT INC.,** *et al.*                                                    **DEFENDANTS**

## ORDER

Pending is Defendant Community Development Institute Head Start's ("CDIHS") Motion to Dismiss (Doc. No. 9). Plaintiff has responded and Defendant has replied.[1] For the following reasons, the Motion is DENIED without prejudice.

### I.   BACKGROUND

Until February, 2012, Defendant Child Development, Inc. ("CDI") operated a non-profit corporation in Russellville, Arkansas, that provided educational services to children in 13 Arkansas counties. CDI was connected to the federally funded Head Start and Early Head Start programs.[2]

On March 26, 2012, Plaintiffs filed a Class Action Complaint seeking to recover damages for CDI's alleged violations of the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act ("ERISA").[3] Specifically, Plaintiffs contend they were not paid for work performed; they were not reimbursed for work-related expenses; and money owed to Plaintiffs' retirement accounts were kept for CDI's own use.[4]

---

[1] Doc. Nos. 16, 19.

[2] Doc. No. 1.

[3] *Id*.

[4] *Id*.

After CDI's Board of Directors voted to relinquish CDI's federal funding and discharge all of its employees, including the Plaintiffs, Defendant CDIHS came in to serve as interim manager for all the programs previously managed by CDI.[5]

## II.    STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, I must "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief."[6]  However, conclusory allegations "are not entitled to the assumption of truth,"[7] but all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[8]  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[9] but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10]

## III.    DISCUSSION

CDIHS argues that the conduct Plaintiffs complain of happened before CDIHS became CDI's successor, and, therefore, "it could not have caused any of the damages claimed by

---

[5] *Id.*

[6] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[7] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

[8] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[9] *Id.* (quoting Fed. R. Civ. P. 8(a)).

[10] *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007)).

Plaintiffs, and is not a proper party defendant."[11]  Plaintiffs responded citing cases that support their position that CDIHS may be liable under the doctrine of successor liability.[12]

"The doctrine of successor liability has [] been recognized to apply to FLSA violations."[13]  The question of successor liability is difficult based on the "myriad [of] factual circumstances and legal contexts in which it can arise;" therefore, the court must give emphasis on the facts of each case as it arises.[14]  A finding of successorship involves two essential inquiries: (1) whether there is continuity of the business; and (2) did the successor know of the violations at the time it took over the business.[15]  A court may also consider whether: (a) the same plant is being used; (b) the employees are the same; (c) the same jobs exist; (d) the supervisors are the same; (e) the same equipment and methods of production are being used; and (f) the same services are being offered.[16]

In their Reply, CDIHS argues that Plaintiffs failed to plead any facts that put them in the category of being a successor in interest.  Specifically, they argue that "[t]he business was not transferred, nor were employees or property transferred. There was no purchase of the business

---

[11] Doc. No. 10.

[12] Doc. No. 16.

[13] *Brock v. LaGrange Equip. Co.*, No. CV 86-0-170, 1987 WL 39105 at *1 (D. Neb. July 14, 1987); see also *Steinbach v. Hubbard*, 51 F.3d 843, 845 (9th Cir. 1995) ("we hold that successorship liability exists under the [FLSA].").

[14] *Anderson v. J.A. Interior Applications, Inc.*, No. 97 C 4552, 1998 WL 708851 at *5 (N.D. Ill. Sept. 28, 1998).

[15] *Brock*, 1987 WL 39105 at *2; see also *Upholsterers' Intern. Union Pension Fund v. Artistic of Pontiac*, 920 F.2d 1323, 1327 (7th Cir. 1990) (discussing that in determining whether successor liability attaches the court should consider whether the successor employee had notice of the prior claims; whether the predecessor was able to provide relief; and whether there was continuity in the business operations.).

[16] *Id*.

in any sense."[17]  However, Defendants fail to address the two essential questions of whether they had notice of the violations and whether there was continuity of the business.

Plaintiffs argue that "[s]ubstantial continuity of operations between CDI and CDIHS is a given."[18]  They point to CDIHS's website that indicates all of the efforts on CDIHS's behalf to maintain the continuity of program.[19]  They also argue that based on CDIHS's intervention, they were "aware of CDI's potential liability for FLSA and ERISA violations."[20]

At this stage in the case, discovery has not yet been conducted.  I believe that discovery will be beneficial in determining the issue of successor liability, specifically in regards to the issues of continuity and notice.  Therefore, the Motion to Dismiss is DENIED without prejudice.

IT IS SO ORDERED this 11th day of May, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[17] Doc. No. 19.

[18] Doc. No. 16.

[19] Doc. No. 16, Ex. A.

[20] Doc. No. 16.