IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SADIE PASCHAL, PENNY CLARK, BECCA COLEMAN,                    PLAINTIFFS
DEBRA FRAZIER, EVANGELA JACKSON, HENRIETTA JAMES,
AMANDA KENNEY, VALERIE LEWIS, ANSHEKA NELSON,
ALICIA PETERSON, ASHLEY REED, JUANITA RELEFORD,
ANNA RENFRO, PATRICIA SHAVERS, TRACIE SMITH,
ANDREA TONEY, and VIRGINIA ZERMENO, INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY SITUATED

v.                          Case No. 4:12-CV-0184 KGB

CHILD DEVELOPMENT, INC.,                                      DEFENDANT

OPINION AND ORDER

Before the Court is plaintiffs' motion for conditional collective-action certification and court-authorized notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Dkt. No. 87).  Also before the Court is plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23 (Dkt. No. 85).  No party has responded to either motion and the time for responding has passed.  For the reasons that follow, plaintiffs' motion for conditional collective action certification is granted (Dkt. No. 87), and plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23 is also granted (Dkt. No. 85).

I.      Background

Plaintiffs are former employees of defendant Child Development, Inc. ("Child Development").  Child Development, as a grantee, operated Head Start programs in twelve counties in Arkansas prior to relinquishing its grant due to an inability to meet its financial obligations.  Plaintiffs allege claims under the FLSA, 29 U.S.C. § 216(b), the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1103, 1104, and 1106, the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-218, 210, and the Arkansas Labor

and Hours Relation Code ("ALHRC"), Ark. Code Ann. § 11-4-405.  Plaintiffs also allege claims

for breach of contract, promissory estoppel, and unjust enrichment.  Specifically, plaintiffs

contend that Child Development did not pay any employees between January 9, 2012, and

February 10, 2012; that, between November 15, 2011, and January 9, 2012, Child Development

withheld for its own use money from plaintiffs' compensation that Child Development claimed

to be for plaintiffs' 403(b) retirement accounts and insurance premiums; and that Child

Development deprived plaintiffs and all other employees of Child Development of earned leave

time upon discharging plaintiffs and all other similarly situated employees on February 3, 2012.

For their FLSA claims, plaintiffs seek conditional certification of a collective action "on

behalf of all non-exempt employees who worked for defendants at their facilities in Arkansas

within three (3) years preceding March 26, 2012," the date plaintiffs filed their first complaint in

this case (Dkt. No. 87).  As to all other claims, plaintiffs seek certification under Fed. R. Civ. P.

23 of a class consisting of "[a]ll persons who were employees of Child Development at any time

between November 1, 2011 and February 10, 2012 who were not properly paid and/or had

money withheld from their paychecks for employee benefits that was converted to Child

Development's use" (Dkt. No. 85).

## II.     FLSA Conditional Certification

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any
> employer . . . in any Federal or State court of competent jurisdiction by any one or
> more employees for and in behalf of himself or themselves and other employees
> similarly situated.  No employee shall be a party plaintiff to any such action
> unless he gives his consent in writing to become such a party and such consent is
> filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Many district courts in the Eighth Circuit utilize a two-step approach in collective action cases.  At the notice stage, the court determines, based on the pleadings and affidavits, whether notice should be given to potential class members.  The key issue is whether the members of the proposed class are similarly situated.  If the court allows notification, then a representative class is conditionally certified and notice is sent to the putative opt-in plaintiffs.  At the second stage, the court determines whether to decertify the class once discovery is largely complete.  *Smith v. Frac Tech Services, Ltd.*, No. 4:09-cv-679, 2009 WL 4251017 (E.D. Ark. 2009).  This Court has adopted this approach in at least two other matters.  *See Watson v. Surf–Frac Wellhead Equip. Co.*, No. 4:11-cv-843, 2012 WL 5185869 (E.D. Ark. Oct. 18, 2012); *Cruthis v. Vision's*, No. 4:12-cv-244, 2013 WL 4028523 (E.D. Ark. Aug. 7, 2013)

Plaintiffs' burden at the notice stage is lenient and is usually met by making a "modest factual showing," typically by the submission of affidavits, that plaintiffs and the putative class were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion.  *Resendiz–Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1106–08 (10th Cir. 2001)).  The Court can consider a variety of non-exclusive factors in determining whether employees are similarly situated.  They include:  (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar.  *Stone v. First Union Corp.*, 203 F.R.D. 532, 542–43 (S.D. Fla. 2001) (citing *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1090, 1097–99 (11th Cir. 1996)).

Plaintiffs seek certification of the putative class of "all non-exempt employees who worked for defendants at their facilities in Arkansas within three (3) years preceding March 26, 2012" (Dkt. No. 87). Plaintiffs contend that they have shown that all hourly employees of Child Development's Head Start facilities were victims of a common policy that affected them in a similar way in that all employees of Child Development's facilities were subject to the same timekeeping and pay policies (Dkt. No. 88, at 5). Plaintiffs contend that Child Development's practice of not paying its employees between January 9, 2012, and February 10, 2012, was uniform. In support, plaintiffs have submitted the sworn declarations of plaintiffs Sadie Paschal, Penny Clark, Ashley Reed, Patricia Shavers, and Virginia Zermeno, in which each plaintiff states that she was not paid for any hours worked between January 9, 2012, and February 10, 2012, and that, based on individual knowledge, no other employees were paid during this time (Dkt. Nos. 88-1 to 88-5). In addition, Ms. Reed and Ms. Shavers state in their declarations that they were not reimbursed for mileage expenses incurred between January 9, 2012, and February 10, 2012 (Dkt. Nos. 88-3 to 88-4). Ms. Paschal, Ms. Clark, and Ms. Shavers state that they had money withheld from their paychecks between November 15, 2011, and January 9, 2012, that they were falsely told was being withheld for retirement or employee benefits (Dkt. Nos. 88-1 to 88-4). Further, Ms. Paschal, Ms. Clark, Ms. Reed, and Ms. Zermeno state that they were not compensated for owed sick or leave time upon termination of their employment (Dkt. Nos. 88-1, 88-2, 88-3, 88-5).

Plaintiffs also have submitted several emails sent by Child Development's officers to all of its employees verifying that Child Development did not pay its payroll at certain times in January and February 2012. On January 26, 2012, Jo Ann Williams, the former Executive Director of Child Development, sent a letter via company-wide email stating that all staff

employed by Child Development would not receive paychecks until further notice (Dkt. No. 88-6).  Jana Bays, Assistant Executive Director at Child Development, sent several emails to all employees between late January and early February 2012 regarding the missed paychecks and Child Development's efforts to attempt to reimburse the missed paychecks (Dkt. No. 88-6).  Further, the Governing Board of Child Development wrote to all employees that a payroll deposit made on February 23, 2012, for the week of February 6 to 10, 2012, was to be reversed due to insufficient funds (Dkt. No. 88-6, at 17).  The Court finds that plaintiffs have submitted enough evidence of a common decision, policy, or plan designed to deny employees pay for all hours worked to carry their lenient burden of establishing that they are similarly situated to other employees who worked at Child Development's facilities.

The Court notes that, among those to consider the issue, there is disagreement with regard to whether and how plaintiffs must demonstrate that "those similarly-situated, putative class members are interested in joining the suit." *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008); *see, e.g.*, *Amendola v. Bristol–Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) (not requiring showing); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703 (N.D. Tex. 2008) (requiring showing).  Courts in the Eighth Circuit are no exception.  *See, e.g., Musticchi v. Little Rock*, No. 4:08–cv–00419 (E.D. Ark. Feb. 2, 2009) (requiring showing); *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97 (S.D. Iowa 2008) (requiring showing); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007) (not requiring showing).

Plaintiffs briefly state that the fact that several employees have already joined this lawsuit shows both that Child Development's allegedly unlawful policies affected its employees uniformly and that those employees are interested in asserting their rights (Dkt. No. 88, at 6).  No party responded to plaintiffs' motion; no opposition was raised on this issue.  Assuming without

5

deciding that the FLSA requires an employee to demonstrate that other employees are interested in the action, the Court is satisfied that some potential class members would wish to opt in to this litigation if given the opportunity.

For these reasons, the Court finds that plaintiffs have carried their lenient burden of establishing that they are similar situated to other employees who worked at Child Development's facilities.  They have submitted some evidence of a common decision, policy, or plan designed to deny employees pay for all hours worked.

The Court next considers the temporal scope of the class.  An action under the FLSA must be commenced within two years after the alleged violation occurs unless the plaintiffs can demonstrate that the employer's conduct was willful, in which case the limitations period is three years.  29 U.S.C. § 255(a).  An action is commenced under the FLSA when a party files suit.  29 U.S.C. § 256(a).  In the case of a collective action, the action is commenced upon the filing of a written consent to join.  29 U.S.C. § 256(b).  Plaintiffs allege willful violations of the FLSA.  Therefore, the Court will use a three-year limitations period.  The Court approves notice for all employees who worked for Child Development between March 26, 2009, and March 26, 2012, and who timely file or have already filed a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

As to the form of the notice, no party responded to plaintiffs' motion to object to the form of the proposed notice submitted by plaintiffs (Dkt. No. 87-1).  The Court has reviewed the proposed notice submitted by plaintiffs and approves it as to form, except that the proposed notice should be modified to reflect the current parties to this action and to remove the reference to the January 21, 2014 trial setting.  To facilitate notice, the Court orders  Child Development to provide plaintiffs' counsel with a list (in electronic format) of the names, employee numbers, last

known home, work, and email addresses and telephone numbers of each potential class member

within 14 days of the date of this Order. The Court denies plaintiffs' request that the list include

the last four digits of the social security number of each potential class member. Plaintiffs shall

have 60 days thereafter to distribute the notices and file opt-in consent forms with the Court.

### III. Rule 23 Class Certification

Plaintiffs also seek class-action certification under Rule 23 of the Federal Rules of Civil

Procedure for their claims under ERISA, the AMWA, and the ALHRC and their claims for

breach of contract, promissory estoppel, and unjust enrichment. Plaintiffs seek certification of a

class consisting of "[a]ll persons who were employees of Child Development at any time

between November 1, 2011, and February 10, 2012 who were not properly paid and/or had

money withheld from their paychecks for employee benefits that was converted to Child

Development's use" (Dkt. No. 85).

To obtain class certification, plaintiffs must meet all four requirements of Federal Rule of

Civil Procedure 23(a), commonly referred to as numerosity, commonality, typicality, and

adequacy of representation, and must fall into one of the categories of Rule 23(b). Fed. R. Civ.

P. 23; *Blades v. Monsanto Co.*, 400 F.3d 562, 568-69 (8th Cir. 2005); *Amchem Products, Inc. v.

Windsor*, 521 U.S. 591, 614 (1997). The party seeking certification bears the burden of showing

that the class should be certified and that the requirements of Rule 23 are met. *Coleman v. Watt*,

40 F.3d 255, 258 (8th Cir. 1994). The district court is afforded broad discretion to decide

whether certification is appropriate. *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir.

2013). According to the Eighth Circuit:

> A district court considering a motion for class certification must undertake a
> rigorous analysis to ensure that the requirements of Rule 23(a) are met.
> Frequently that rigorous analysis will entail some overlap with the merits of the
> plaintiff's underlying claim, and the district court may resolve disputes going to

the factual setting of the case if necessary to the class certification analysis.  The court's factual findings with respect to the class certification question are reviewed for clear error.

*Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011) (internal quotations and citations omitted).  The Court will consider Rule 23(a) and (b) in turn.

### A.    Rule 23(a)

First, Rule 23(a)(1) requires a finding that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Plaintiffs assert that the class is so numerous that joinder of all members is impracticable because Child Development owned and operated 23 facilities across the state of Arkansas and "[i]t is believed that there are more than 300 members of the proposed class" (Dkt. No. 86, at 6-7).  Plaintiffs have provided sufficient evidence to satisfy their burden.  *See Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 54 (8th Cir. 1977) ("No arbitrary rules on the size of classes have been established by the courts and the question of what constitutes impracticability depends upon the facts of each case.")

Rule 23(a)(2) requires there to be "questions of law or fact common to the class."  Rule 23(a)(2) does not require that every question of law or fact be common to every member of the class.  *Paxton v. Union Nat. Bank*, 688 F.2d 552, 561 (8th Cir. 1982).  Commonality is satisfied "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated."  *Id.*  (internal quotations omitted).   The existence of even a single common question is sufficient to establish commonality.  *Wal-Mart Stores, Inc. v. Dukes*, — U.S. —, —, 131 S. Ct. 2541, 2556 (2011).  Plaintiffs have demonstrated that there are several questions of law and fact common to the class, including whether defendants improperly diverted insurance and/or retirement plan funds to Child Development's operating accounts, whether Child Development was a fiduciary within the meaning of ERISA, and whether defendants violated the AMWA by failing and refusing to

compensate their employees. (Dkt. No. 86, at 7-8).   The Court finds that plaintiffs have demonstrated commonality.

Next, Rule 23(a)(3)'s "typicality provision requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977).   "The court must be shown that the representative is not alone in his or her dissatisfaction with the employer's unlawful practices so as to assure that there is in fact a class needing representation." *Paxton*, 688 F.2d at 562 (internal quotations omitted).   "The burden of showing typicality is not an onerous one." *Id*.   It requires something more than general conclusory allegations, *id*., but "it is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995).   "When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." *Donaldson*, 554 F.2d at 831.   The Court is satisfied that typicality is met here. The putative class members have similar grievances to the named plaintiffs—Child Development's alleged failure to pay the employees in January and February, 2012, and/or the alleged improper withholding and use of money from employees' paychecks between November 1, 2011 and February 10, 2012.

Lastly, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."   Fed. R. Civ. P. 23(a)(4).   "The focus of Rule 23(a)(4) is whether:  (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562-63.   As to the first prong, the Court has found that plaintiffs have common interests with the members of the proposed class.   As to the second

prong, the Court finds that plaintiffs have "demonstrated a willingness to prosecute the interests of the class through qualified counsel." *Id*. at 563. Therefore, the Court finds that Rule 23(a)(4)'s adequacy requirement has been fulfilled.

### B.      Rule 23(b)

Plaintiffs move to certify the class under Rule 23(b)(1) or (b)(3). Rule 23(b)(1) is satisfied if prosecuting separate actions by or against individual class members would create a risk of either:   "(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;" or "(B)  adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]" Fed. R. Civ. P. 23(b)(1). Rule 23(b)(3) requires the Court to find "that the common the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

As to Rule 23(b)(1), plaintiffs first argue under Rule 23(b)(1)(A) that individual lawsuits would create the possibility of establishing incompatible standards of conduct for defendants (Dkt. No. 86, at 17). Plaintiffs argue that legal issues will determine whether each defendant is liable to each plaintiff and contend that, if the class is not certified, defendants could be liable to some employees but not others[1] (Dkt. No. 86, at 17-18). Plaintiffs also move to certify the class under Rule 23(b)(1)(B), arguing that bringing each case separately may impair the ability of

---

[1] The Court notes that plaintiffs' motion was filed before plaintiffs' voluntarily dismissed their claims against Jo Ann Williams, Bettye Williams, Mary Ann Rollans, and Lisa Barber (Dkt. Nos. 93, 103) and before the Court granted summary judgment in favor of Community Development Institute Head Start (Dkt. No. 132).

other class members to protect their interest.   Specifically, plaintiffs state that Child

Development is currently in a court-ordered receivership and is winding down.   As a result,

plaintiffs contend there may be a limited fund from which potential plaintiffs can recover

damages (Dkt. No. 85, at 18).

The Court agrees that both subsections of Rule 23(b)(1) are met.   First, specifically as to

plaintiffs' ERISA claims, several courts have held the type of ERISA claims for breach of

fiduciary duty raised here are particularly appropriate for Rule 23(b)(1)(A) and (B) certification

because of the ERISA's distinctive "representative capacity" and remedial provisions. *See, e.g.*,

*In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (In light of the

derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under §

502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1)

class, as numerous courts have held." ); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D.

436, 453 (S.D.N.Y. 2004) ("ERISA litigation of this nature presents a paradigmatic example of a

(b)(1) class.") (granting class certification under Rule 23(b)(1)(B) in a suit alleging breach of

ERISA fiduciary duties); *In re Williams Companies ERISA Litig.*, 231 F.R.D. 416, 424-25 (N.D.

Okla. 2005) (granting class certification under 23(b)(1)(A) and (B)); *Taylor v. ANB Bancshares,

Inc.*, No. 08-5170, 2010 WL 4627841 (W.D. Ark. Oct. 18, 2010) *report and recommendation

adopted*, No. 08-CV-5170, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010) (same, including

allegations of misrepresentation); *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 193-94 (W.D.

Mo. 2009) (same).

The Court is further satisfied that Rule 23(b)(1)(A) is met in so far as each of plaintiffs'

other claims is based on the same alleged misconduct by Child Development.   Accordingly,

"inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

Moreover, the Court finds that Rule 23(b)(1)(B) is satisfied in that Child Development's financial status presents the likelihood of insufficient funds to satisfy all claims of its former employees. Rule 23(b)(1)(B) is designed to account for situations in which "an adjudication as to one or more members of the class will necessarily or probably have an adverse practical effect on the interests of other members who should therefore be represented in the lawsuit." Fed. R. Civ. P. 23(b)(1)(B), Advisory Committee Note (1966 amend.) "This is plainly the case when claims are made by numerous persons against a fund insufficient to satisfy all claims." *Id*.

Finding that the requirements of Rule 23(b)(1) are met, the Court does not reach plaintiffs' arguments as to Rule 23(b)(3). *See Reynolds v. Nat'l Football League*, 584 F.2d 280, 284 (8th Cir. 1978) ("When either subsection (b)(1) or (b)(2) is applicable, however, (b)(3) should not be used, so as to avoid unnecessary inconsistencies and compromises in future litigation."); *DeBoer*, 64 F.3d at 1175 ("When either subsection (b)(1) or (b)(2) is applicable, however, (b)(3) should not be used, so as to avoid unnecessary inconsistencies and compromises in future litigation."). Accordingly, as to plaintiffs' non-FLSA claims, the Court certifies under Rule 23(b)(1) a class consisting off all persons who were employees of Child Development at any time between November 1, 2011, and February 10, 2012, who were not properly paid and/or had money withheld from their paychecks for employee benefits that was converted to Child Development's use.

Plaintiffs also request the Court to direct the parties to submit a proposed class notice and exclusion form for the Court's approval. For any class certified under Rule 23(b)(1), the Court may direct appropriate notice to the class. Fed. R. Civ. P. 23(c)(2)(A). The Court directs the

parties to confer to submit a proposed class notice within 10 days of the date of this Order.  The

notice will not include an exclusion form, as the Court certifies the class under Rule 23(b)(1) and

not Rule 23(b)(3).  *See* Fed. R. Civ. P. 23(c)(2) – (3).  To facilitate notice, Child Development is

directed to provide class counsel with a list of all persons known to Child Development to meet

the class definition within 14 days of this Order.

*       *       *

For these reasons, plaintiffs' motion for conditional collective action certification and

Court-authorized notice pursuant to the FLSA, 29 U.S.C. § 216(b), is granted (Dkt. No. 87).  The

Court approves notice for all employees who worked for Child Development between March 26,

2009, and March 26, 2012, and who timely file or have already filed a written consent to be a

party to this action pursuant to 29 U.S.C. § 216(b).

Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23 is also granted

(Dkt. No. 85).  As to plaintiffs' non-FLSA claims, the Court certifies under Fed. R. Civ. P.

23(b)(1) a class consisting off all persons who were employees of Child Development at any

time between November 1, 2011, and February 10, 2012, who were not properly paid and/or had

money withheld from their paychecks for employee benefits that was converted to Child

Development's use.  Plaintiffs' counsel, Holleman & Associates, P.A. and Bryce Brewer, LLC,

are appointed as class counsel for this action.

SO ORDERED this the 10th day of January, 2014.

_____
Kristine G. Baker
United States District Judge